## AMY B. ZIMMERMAN

*v.*

## SAN JUAN LIGHT & TRANSIT COMPANY.

San Juan, Law, No. 551.

1. An electric light company may make reasonable regulations under which it will supply patrons, and may cut off their current if they do not pay their bills promptly.

2. It must supply the public, and may not arbitrarily refuse to do so, and failure in this regard makes it responsible for at least nominal damages.

3. Whether twenty-four hours is a reasonable notice to a customer to pay his bill is a question for the jury.

4. One who, having paid his light bill, is dunned a second time, and wilfully fails to so advise the company, the latter acting in good faith, cannot recover damages for being deprived of light, and consequent damages to business and reputation.

Case tried May 14, 1908.

---

*Mr. N. B. K. Pettingill,* attorney for plaintiff.

*Mr. Henry F. Hord,* attorney for defendant.

Zimmerman v. San Juan L. & T. Co.

Instructions by RODEY, Judge:

The facts sufficiently appear from the instructions.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

This is an action for a wrong which the plaintiff, Amy B. Zimmerman, claims that the defendant, the San Juan Light & Transit Company, has done to her, for which she claims damages in the sum of $6,000. The fact that she claims this amount, gentlemen, is no reason why you should give her that much, or, in fact, give her any damages at all, unless you believe, from a preponderance of the evidence, under the law as given you in these instructions, that she is entitled to the same. The wrongs which she claims to have been done her are that the defendant company wrongfully cut out its electric current from her residence in the manner set out in the evidence; and, further, that one of its agents slandered her when he went to her residence to take out the electric meter and cut the current connection therefrom, and that she was further damaged by the fact of the cutting out of the light from her residence because the same resulted in her neighbors making inquiries as to why it was cut out, and, further, because she could not pursue her occupation in her residence at night for lack of such service. There is no question but that, while a public service corporation such as the defendant here is, has a right to make reasonable regulations for the conduct of its business, still those regulations must in fact be reasonable; and while it is a pretty offensive thing for a gas company or an electric light company to cut its pipes or wires, and take out its meters from a residence, and leave it in darkness,

Zimmerman v. San Juan L. & T. Co.

still, there are times when the right must be conceded to such public concerns to do so, because there is a double duty imposed upon such a corporation: First, it is obliged to furnish all residents who comply with reasonable regulations and pay their bills with its service; and second, the duty is imposed upon it not to remove its meters or cut out its service wires or pipes, and leave a citizen's residence in darkness, except rightfully. So, whenever such a corporation wrongfully does such a thing, it is at once in law liable to the person injured, in at least nominal damages, and perhaps in greater damages, depending, under all the circumstances, on whether the service was cut out rightfully and with or without malice. But, gentlemen, after due consideration, I feel bound to instruct you, and do instruct you, that if you believe, from a preponderance of the evidence here, that the regulation of twenty-four hours' time, which the defendant gives its patrons between the notice to pay up and the removal of its wires and meters, is a reasonable time; and if you further believe, from a preponderance of the evidence, that the defendant here simply made a mistake in believing that the plaintiff had not paid her bill, and, in good faith, and without malice, believed that they were acting rightfully; and if you further believe, from a preponderance of the evidence, that the plaintiff, after receiving the notice that the bill was still claimed as due, and that the meter would be taken out and the service discontinued unless she paid the bill, which she did not in fact owe, and, while knowing that she had in fact paid this bill, and before the defendant had yet committed any actual wrong against her more than this mistake in demanding what was not due, and while having good reason to believe that the defendant did not know of its own mistake, wilfully and intentionally refrained

Zimmerman v. San Juan L. & T. Co.

from notifying the defendant that she had in fact paid the bill,—
then you are instructed that she brought any wrong or injury
which occurred in the premises upon herself, and she cannot take
advantage of her own wrong in so doing by recovering here, pro-
vided you believe, from a preponderance of the evidence, that
the defendant, by its agents or otherwise, in no manner slan-
dered or did other injury to the plaintiff; and in such case you
should find for the defendant.

If, on the other hand, you believe that the regulation of twen-
ty-four hours is unreasonable under the circumstances, and if
you believe that the defendant had good reason to know that
the plaintiff always paid her debts, and was not liable to have
let them run by, and that it was guilty of negligence, or even
that it had actual malice in acting as it did, then you should
find for the plaintiff, and assess her damages as you may believe
she has been injured, either at a nominal sum or any other sum
within her claim that you, as reasonable men, under the evidence
and all the circumstances of this case, may believe to be just
and right.   In passing upon the facts in this case you will, of
course, not let the fact that the plaintiff is a woman cut any
figure whatsoever as to the strict legal rights of the parties, save
that the fact that she is a woman, and her business situation
being known to the defendant, may be considered as an element
in the assessment of damages, if you believe she is in fact en-
titled to damages.

Nominal damages are any sum from one cent up to a few
dollars; while any larger amount does not come within that
category, but is what is known in law as substantial damages.

The gravest question before you is as to the reasonableness
or negligence, if any, of the acts of the parties on either or

Zimmerman v. San Juan L. & T. Co.

both sides under the law as here given you. If you do not believe, from a preponderance of the evidence, that the defendant, by itself, or, which is the same, by its agents, in any manner libeled or slandered the plaintiff, you cannot find any damages for her on that account; but, if you believe, from a preponderance of the evidence, that the defendant has, in any such manner libeled or slandered the plaintiff, then she is at your hands entitled to damages in such sum as you may believe, from a preponderance of the evidence, she is entitled to in that regard, and as you may believe the same to have been done with or without malice.

If you believe, from a preponderance of the evidence, that plaintiff has suffered any damage to her business by reason of her inability to work in the darkness, or otherwise, you may award her such damages as you believe she has suffered.

While, on the one hand, you may take into consideration the plaintiff's own acts in the wording of the letters she wrote the defendant, you may also, on the other hand, take into consideration the reasonableness or unreasonableness of the defendant's acts, or its persistence, if it has been guilty of persistence, brought about by its own negligence in its continued claim that she had not paid her bill, and you may consider any damage which you may believe defendant did the plaintiff in that regard.

Verdict for plaintiff for $99.69.